**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Patrick McParlan,

Plaintiff,

Civil File No. 00-300 (JMR/FLN)

v.

**STIPULATED PROTECTIVE ORDER**

The Art Institute International Minnesota, Inc., a Minnesota corporation,

Defendant.

It is hereby stipulated and agreed by and between Plaintiff Patrick McParlan and Defendant The Art Institute International Minnesota, Inc., through their respective counsel, that the following provisions and conditions shall govern the parties:

1. Until further order of the Court or stipulation of the parties, (1) any and all personnel files and related documentation pertaining to current or former employees of Defendant, with the exception of the personnel file of Plaintiff Patrick McParlan, and (2) any and all financial statements for Defendant produced in the above-captioned matter shall be subject to the terms and conditions of this Stipulation and Protective Order Regarding Confidential and Proprietary Information (hereinafter "Protective Order"). This Protective Order also shall govern (a) any extracts and summaries prepared from the materials described above; (b) any information contained in or obtained from such materials; and/or (c) those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to such materials.

2. Any party to this action may designate any of the materials listed in Paragraph 1 as "CONFIDENTIAL." Designation shall be made by stamping as "CONFIDENTIAL" any

FILED APR 27 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

document which is to be covered by this Protective Order and/or by designating deposition testimony as confidential by identifying the portion or portions of the deposition transcript to be considered confidential on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition. The parties will designate documents "CONFIDENTIAL" in good faith.

3. Materials subject to this Protective Order shall be used only for the purposes of this litigation and not for any other purpose whatsoever.

4. Materials designated as "CONFIDENTIAL" shall not be given, shown, made available, or communicated in any way to anyone other than:

a. The attorneys of record for the parties and their office staff who must be shown the information for the purposes of this litigation;

b. The parties themselves, including upper management at the corporate entities;

c. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this litigation;

d. The Court and its staff, if required in any further proceeding herein;

e. Outside consultants and experts retained by the parties for the purpose of assisting in preparation for trial;

f. Witnesses interviewed or prepared by a party's representatives or attorneys, or persons deposed in this lawsuit;

g. Such other persons as the Court may specifically approve after notice and hearing; and/or

h. Such other parties as the parties agree to in writing.

5. Before making disclosure of materials subject to this Protective Order to any of the individuals/entities set forth in ¶ 4(e) & (f), an agreement in writing (per the form attached as Exhibit A) must be obtained from such individual(s), reciting that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

6. There shall be no further reproduction of materials covered by this Protective Order except that, as required in the litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials subject to this Protective Order.

7. If materials subject to this Protective Order are filed with the Court, they shall be filed under seal and in an envelope bearing the following description:

**CONFIDENTIAL**
**This envelope contains confidential information subject to a Protective Order and is not to be opened except pursuant to authority of the Court.**

8. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material(s) subject to this Protective Order, he or she shall so inform the Court and opposing counsel as far in advance as possible. The parties agree to attempt to agree in writing as to how to handle protected records, documents and information at trial. In the event that the parties cannot agree, the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems reasonably necessary to preserve the confidentiality of such material(s) subject to this Protective Order.

9. On final termination of this action, including all appeals, each attorney of record shall be responsible for returning to the opposing attorney of record the original and copies of all materials subject to this Protective Order, including all excerpts and summaries thereof, except that each attorney of record may retain all memoranda and correspondence derived from discovered information for purposes of keeping a legal file. Despite final termination of this action, this Order shall continue to apply to all materials covered by this Protective Order, and the Court may retain jurisdiction for the purpose of assuring compliance with this Protective Order and granting such other and further relief as may be necessary.

10. The parties will make good faith attempts to resolve between themselves any disputes regarding particular designations of confidentiality. If the parties are unable to resolve any such dispute, any party may proceed by notice of motion and motion to the Court to determine the propriety of such designation.

11. The counsel of record are responsible for employing reasonable measures to control, consistent with this Protective Order, the duplication of, access to, and distribution of copies of materials covered by this Protective Order.

12. The counsel of record hereby apply to the Court for an entry of an Order in accordance with this Stipulation and Protective Order Regarding Confidential and Proprietary Information.

**SO STIPULATED:**

Dated: 4-26, 2001

DORSEY & WHITNEY LLP

By ______________________
Roy Ginsburg (#123158)
Erik T. Nelson (#296119)
Pillsbury Center South, Suite 1300
220 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2777

Attorneys for Defendant SuperValu, Inc.

Dated: 4-26, 2001

LAW OFFICES OF ANN M.I. MOZEY

By ______________________
Ann M.I. Mozey (#278128)
101 Union Plaza Building
333 North Washington Avenue
Minneapolis, MN 55401
Telephone: (612) 340-0044
Facsimile: (612) 340-0190

Attorney for Plaintiff Patrick McParlan

**ORDER**

Based upon the agreement of counsel as stipulated herein above, and upon the files and records herein, **IT IS SO ORDERED.**

Dated: April 26, 2001

U. S. Magistrate Judge Franklin Noel
U.S. District Court, District of Minnesota

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order Regarding Confidential and Proprietary Information entered in Patrick McParlan v. The Art Institutes International Minnesota, Inc. (Civil File No. 00-300 (JMR/FLN)), which is attached hereto, has read this Protective Order, and agrees to be bound by all of the provisions thereof.

Dated: ____________________

By: _________________________________

Subscribed and sworn to before me
this ___ day of ____________, 2001

_____________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 2/23/01